# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

MARCUS THURMON, JR.,

    Plaintiff,

v.

LT. SCHLEIS, LT. NELSON, LT. CARADINE, SGT. K. HILL, and CHANTELL JEWELL,

    Defendants.

Case No. 24-CV-1257-JPS

**ORDER**

    Plaintiff Marcus Thurmon, Jr., an inmate confined at the Milwaukee County Community Reintegration Center, filed a pro se complaint under 42 U.S.C. § 1983 alleging that Defendants violated his constitutional rights. ECF No. 1. On December 12, 2024, the Court screened the complaint, found that it failed to state a claim, and allowed Plaintiff the opportunity to file an amended complaint. ECF No. 9. On January 2, 2025, Plaintiff filed an amended complaint. ECF No. 10. This Order screens his amended complaint.

1.     **FEDERAL SCREENING STANDARD**

    Under the Prison Litigation Reform Act, the Court must screen complaints brought by prisoners seeking relief from a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint if the prisoner raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

In determining whether a complaint states a claim, the Court applies the same standard that applies to dismissals under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017) (citing *Booker-El v. Superintendent, Ind. State Prison*, 668 F.3d 896, 899 (7th Cir. 2012)). A complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States and that whoever deprived him of this right was acting under the color of state law. *D.S. v. E. Porter Cnty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). The Court construes pro se complaints liberally and holds them to a less stringent standard than pleadings drafted by lawyers. *Cesal*, 851 F.3d at 720 (citing *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015)).

## 2. PLAINTIFF'S ALLEGATIONS

On May 12, 2024, a K9 officer and dog entered Plaintiff's unit. ECF No. 10 at 2. Officer Linton informed Plaintiff that a bug fell out of his hair and landed on his shoulder. *Id.* The bug was removed and later identified as a tick. *Id.* Linton called Defendant Lt. Schleis. Defendants Lt. Nelson, Lt. Caradine, and Sgt. Hill was present during this encounter. *Id.* Hill escorted

Plaintiff to the segregation unit to shower, but Hill refused to provide any parasitic body wash/soap. Plaintiff maintains the Defendants were very negligent because they knew he had a parasite attached to his body and failed to provide him with the necessities to prevent damage. *Id.* at 2–3. Plaintiff alleges constant itching as a result of this incident. *Id.* at 3.

3.  **ANALYSIS**

The Court finds that Plaintiff may not proceed on an Eighth Amendment conditions of confinement claim. A prisoner's claim of unconstitutional conditions of confinement is analyzed under the Eighth Amendment's cruel and unusual punishment clause. *See Farmer v. Brennan*, 511 U.S. 832, 834 (1994). A prisoner is entitled to live in conditions that do not amount to "punishment." *Bell v. Wolfish*, 441 U.S. 520, 535 (1979). Detainees are entitled to be confined under humane conditions that provide for their "basic human needs." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). "The Constitution does not mandate comfortable prisons, but neither does it permit inhumane ones[.]" *Snipes v. DeTella*, 95 F.3d 586, 590 (7th Cir. 1996).

To establish a constitutional violation with respect to an inmate's living conditions, he must be able to demonstrate both: (1) the conditions were objectively so adverse that they deprived him "of the minimal civilized measure of life's necessities," and (2) the defendants acted with deliberate indifference with respect to the conditions. *Townsend v. Fuchs*, 522 F.3d 765, 773 (7th Cir. 2008) (quoting *Farmer*, 511 U.S. at 834). "Life's necessities include shelter, heat, clothing, sanitation, and hygiene items." *Woods v. Schmeltz*, No. 14-CV-1336, 2014 WL 7005094, at *1 (C.D. Ill. Dec. 11, 2014) (citing *Gillis v. Litscher*, 468 F.3d 488, 493 (7th Cir. 2006)); *see also Budd v. Motley*, 711 F.3d 840, 842–43 (7th Cir. 2013).

The Court does not find that Plaintiff states an Eighth Amendment claim against any defendant. Plaintiff alleges that a single bug fell onto his body and that Defendants notified him of its presence, removed it, and later helped to identify it as a tick. Defendants allowed Plaintiff to shower afterwards but did not provide him with parasitic body wash. Plaintiff does not plead any facts showing that the presence of ticks was a recurring issue in the institution. The Court finds that the presence of a single tick on a prisoner's body and the failure to provide special body wash afterwards does not rise to the level of depriving a prisoner of life's basic necessities. Further, the Court finds that Defendants' actions of only providing a shower as opposed to a parasitic body wash do not amount to deliberate indifference to Plaintiff's condition. Plaintiff's allegations show at most show negligence, but nothing indicates that the named defendants knowingly subjected Plaintiff to unsafe living conditions. As such, the Court finds that Plaintiff fails to state an Eighth Amendment claim for deliberate indifference. Plaintiff may state a state-law negligence claim; however, in the absence of a federal claim, the Court cannot exercise supplemental jurisdiction over a state-law negligence claim.

4.  **CONCLUSION**

In sum, the Court finds that the amended complaint fails to state a claim upon which relief may be granted. Plaintiff was already provided the opportunity to amend his complaint based on the Court's guidance in the prior screening order, and the Court therefore finds that further amendment would be futile. *See Runnion ex rel. Runnion v Girl Scouts of Greater Chi. & Nw. Ind.*, 786 F.3d 510, 519–20 (7th Cir. 2015). As such, the Court will dismiss this case without prejudice for a lack of subject-matter

jurisdiction, and Plaintiff may choose to pursue a negligence claim in state court.

Accordingly,

**IT IS ORDERED** that this case be and the same is hereby **DISMISSED without prejudice** for a lack of subject-matter jurisdiction.

The Clerk of Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 3rd day of January, 2025.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge